## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **CHAUNETTE WILLIAMS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION** |
| **v.** | ) | **FILE NO.: _____** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

COMES NOW Chaunette Williams, Plaintiff in the above-styled action, and hereby files this Complaint against the Defendant, and states the following:

1.

This is an action for personal injury damages being brought pursuant to the Federal Tort Claims Act arising out of a motor vehicle collision that occurred on April 21, 2020, wherein a vehicle owned by the United States Probation Office and being operated by Travis Buehrer attempted an illegal U-turn and struck the vehicle being occupied by Chaunette Williams, in Stonecrest, Georgia.

## PARTIES, JURISDICTION & VENUE

2.

Chaunette Williams is a citizen of the United States and the State of Georgia.

- 1 -

3.

On April 21, 2020, Travis Buehrer ("Mr. Buehrer" or "Buehrer") was employed by the United States Probation Office ("USPO") as a probation officer.

4.

On April 21, 2020, Mr. Buehrer and was operating a vehicle on Hillandale Drive in Stonecrest, Georgia in the course and scope of his employment with the USPO.

5.

This is an action arising out of a traffic crash that occurred on April 21, 2020, involving Chaunette Williams and a USPO vehicle operated by Mr. Buehrer and the USPO.

6.

This action is brought pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.* (hereinafter "the FTCA").

7.

The USPO is Federal Law Enforcement Agency serving the United States District Courts under the judicial branch of Defendant United States of America. The USPO is within the FTCA.

8.

In accordance with Fed.R.Civ.P. 4(i), Defendant United States of America (referred to herein as "US") was properly served with process by service of the Summons and Complaint sent by registered or certified mail to the Civil Process Clerk, Office of the United States Attorney for the Northern District of Georgia, at the Richard B. Russell Federal Building, 75 Ted Turner Drive, SW, Suite 600, Atlanta, Georgia 30303.

9.

In accordance with Fed.R.Civ.P. 4(i), the Attorney General of the United States was properly served with process by service of the Summons and Complaint sent by registered or certified mail to the Attorney General of the United States, U.S. Department of Justice, 950 Pennsylvania Avenue, NW, Washington, D.C. 20530.

10.

On June 9, 2021, the undersigned sent by certified mail an Administrative Claim Form 95 on behalf of Chaunette Williams in accordance with the FTCA seeking $180,000.00 in damages.  A copy of the Administrative Claim Form 95 (without attachments) is attached hereto as **Exhibit A**.

11.

Ms. Williams' Administrative Claim was properly and timely presented to the Administrative Office of the United States Courts ("AOUSC") within two years from the date of the subject collision.

12.

On January 5, 2022, the AOUSC sent, by certified mail to the undersigned attorney for Plaintiff, its written notification denying the Administrative Claim in accordance with 28 U.S.C. § 2675. A copy of the written notification from the USPO is attached hereto as **Exhibit B**.

13.

This action was filed within six months of the AOUSC written notification denying the administrative claims of Chaunette Williams.

14.

This action is timely filed.

15.

All conditions precedent to the filing of this action have been met including the filing of an Administrative Claim.

16.

By virtue of the facts set forth in this Complaint, this Court has jurisdiction pursuant to 28 U.S.C. § 1346.

17.

Venue for this action is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1402.

## FACTS

18.

The events of the subject collision described in this Complaint took place on April 21, 2020 in Stonecrest, Georgia.

19.

On April 21, 2020, Mr. Buehrer was operating a vehicle owned by the USPO ("Buehrer's vehicle").

20.

At approximately 1:35 P.M., Mr. Buehrer was operating Buehrer's vehicle traveling southbound on Lithonia Industrial Boulevard approaching its intersection with Hillandale Drive in Stonecrest, Georgia.

21.

Mr. Buehrer turned right onto Hillandale Drive.

22.

The intersection of Lithonia Industrial Boulevard and Hillandale Drive is controlled by a traffic signal.

23.

At the same time, Chaunette Williams was operating her vehicle traveling eastbound on Hillandale Drive in the left turn lane and was stopped at the solid red traffic signal.

24.

Suddenly and without warning, Mr. Buehrer made an illegal U-turn on Hillandale Drive and immediately afterwards struck the rear of Ms. Williams' vehicle.

25.

Mr. Buehrer was following too closely in violation of O.C.G.A. § 40-6-49.

26.

Chaunette Williams was operating her vehicle in a reasonable and prudent manner at the time of the subject collision.

27.

Chaunette Williams was not doing anything unsafe or improper at the time of the subject collision.

- 6 -

28.

There was nothing that Chaunette Williams could have done within reason to avoid or minimize the subject collision.

29.

Mr. Buehrer was not operating the vehicle in a reasonable and prudent manner at the time of the subject collision.

30.

Mr. Buehrer was not keeping a proper lookout ahead at the time of the subject collision.

31.

Mr. Buehrer is solely responsible for causing the subject collision.

32.

Chaunette Williams did not cause or contribute to the subject collision.

33.

Chaunette Williams was 39 weeks pregnant at the time of the subject collision.

34.

As a result of the subject collision, Chaunette Williams suffered serious personal injuries.

## COUNTS I AND II – VICARIOUS LIABILITY FOR THE NEGLIGENCE AND NEGLIGENCE *PER SE* OF BUEHRER

35.

Plaintiff realleges and incorporates herein the allegations contained in the previous paragraphs as if each were fully set forth herein in their entirety.

36.

At all times material to this action, Mr. Buehrer had a legal duty to adhere to all Georgia traffic laws.

37.

At all times material to this action, Mr. Buehrer had a duty to operate his vehicle in a safe and prudent manner.

38.

At all times material to this action, Mr. Buehrer had a duty to act in accordance with his training as a United States Probation Officer and USPO vehicle driver so as not to endanger the lives and welfare of Chaunette Williams and the motoring public. This duty included keeping a proper lookout, paying attention, and keeping a safe distance from other vehicles in accordance with the conditions of the roadway and all traffic laws and regulations.

39.

At the time of the subject collision, in the operation of his vehicle Mr. Buehrer did the following among other things:

(a) Made an illegal U-turn on Hillandale Drive;

(b) Failed to keep a proper lookout ahead;

(c) Failed to use proper visual search methods;

(d) Failed to keep a safe and proper distance between his vehicle and the vehicle being operated by Chaunette Williams;

(e) Caused contact to occur between Buehrer's vehicle and the vehicle being operated by Chaunette Williams;

(f) Failed to operate his vehicle in a safe and prudent manner, thereby placing the lives and well-being of the public in general, and Plaintiff in particular, in danger;

(g) Failed to adhere to safe driving principles expected of USPO drivers;

(h) Otherwise failed to act reasonably and prudently as a driver should under the circumstances.

40.

Mr. Buehrer breached his duties and was negligent in at least one or more of the respects described above.

- 9 -

41.

Additionally, Mr. Buehrer's conduct violated Georgia law including but not limited to O.C.G.A. § 40-6-49 (following too closely). Such violation constitutes negligence *per se*.

42.

Mr. Buehrer was negligent and/or negligent *per se* in the ways described above and was otherwise negligent as shall be added by amendment or proven at trial.

43.

At all times material hereto, Mr. Buehrer was an employee of the USPO.

44.

At all times material hereto, Mr. Buehrer was acting within the course and scope of his employment with the USPO.

45.

At all times material hereto, Mr. Buehrer was an agent of the USPO.

46.

At all times material hereto, Mr. Buehrer was acting within the course and scope of his agency with the USPO.

- 10 -

47.

At all times material hereto, Mr. Buehrer was operating a vehicle exclusively controlled by the USPO.

48.

At all times material hereto, Mr. Buehrer was operating a vehicle under the dispatch and authority of the USPO.

49.

At all times material hereto, Mr. Buehrer was operating a vehicle in furtherance of the business and financial interests of the USPO.

50.

As a direct and proximate result of Mr. Buehrer's negligence, Chaunette Williams suffered personal injuries.

51.

As a direct and proximate result of Mr. Buehrer's negligence, Chaunette Williams incurred pain and suffering and medical and other expenses.

52.

By virtue of the FTCA, Defendant United States of America is vicariously liable to Plaintiff for all economic and non-economic damages allowed by law for

the injuries, damages and losses sustained by Chaunette Williams as a direct and proximate result of Mr. Buehrer's negligence.

## DAMAGES

53.

Plaintiff incorporates herein by reference the allegations of the previous paragraphs as if each were fully set forth herein in their entirety.

54.

As a proximate result of the negligence of Mr. Buehrer and/or the USPO, Chaunette Williams suffered physical and mental injuries.

55.

As a proximate result of the negligence of Mr. Buehrer and/or the USPO, Chaunette Williams has endured and will continue to endure pain and suffering, including but not limited to, actual physical pain and suffering, mental anguish, interference with normal living, interference with enjoyment of life, loss of capacity to labor and earn money, disability, disfigurement, impairment of her health and vigor, fear of the extent of injuries, limitations on activities, and limitations on independence.

56.

As a proximate result of the negligence of Mr. Buehrer and/or the USPO, Chaunette Williams has incurred past medical expenses and may incur medical expenses in the future related to this collision.

57.

As a proximate result of the negligence of Mr. Buehrer and/or the USPO, Chaunette Williams has incurred past lost wages and income and may incur lost wages and income in the future related to this collision.

58.

Defendant is liable to Plaintiff for all injuries and damages allowed by law including all past and future damages set forth above.

**WHEREFORE,** Plaintiff requests the following:

(a)    That summons issue requiring the Defendant to appear as provided by law to answer this Complaint;

(b)    That Defendant be served with process;

(c)    That Plaintiff, Chaunette Williams, have and recover from Defendant United States of America in an amount shown by the evidence to fully compensate for all injuries and damages including but not limited to the

- 13 -

all past and future medical bills, all past and future lost wages, all non-economic damages;

(d)     That Plaintiff recover her reasonable attorney fees and expenses in an amount to be proven at trial;

(e)     That judgment be entered in favor of Plaintiff and against Defendant for bodily injuries, permanent disabilities, physical pain and suffering, mental anguish, past and future medical bills/expenses, past and future lost wages, loss of ability to labor and earn a living, impairment of future earning capacity, wrongful deprivation of ability to enjoy life, and other damages; and

(f)     For such other and further relief as the Court deems just and proper.

Submitted this 12th day of April, 2022.

**ROSS & PINES, LLC**

/S/ Peter E. Bennion
PETER J. ROSS
Georgia Bar No.: 615193
JEFFREY A. BURMEISTER
Georgia Bar No.:  030024
PETER BENNION
Georgia Bar No.: 420604
*Counsel for Plaintiff*

- 14 -

ROSS & PINES, LLC
5555 Glenridge Connector, Suite 435
Atlanta, GA  30342
Telephone:  (404) 812-4300
Facsimile:  (404) 812-4303
E-mail:        peter@rossandpines.com
                   jeff@rossandpines.com
                   pbennion@rossandpines.com

## <u>CERTIFICATE OF FONT COMPLIANCE</u>

Counsel for Plaintiff hereby certifies that the foregoing document was prepared in Times New Roman, 14 point, in accordance with Local Rule 5.1.

Submitted this 12th day of April, 2022.

**ROSS & PINES, LLC**

/S/ Peter E. Bennion
PETER J. ROSS
Georgia Bar No.: 615193
JEFFREY A. BURMEISTER
Georgia Bar No.:  030024
PETER BENNION
Georgia Bar No.: 420604
*Counsel for Plaintiff*

ROSS & PINES, LLC
5555 Glenridge Connector, Suite 435
Atlanta, GA  30342
Telephone:  (404) 812-4300
Facsimile:   (404) 812-4303
E-mail:       peter@rossandpines.com
                  jeff@rossandpines.com
                  pbennion@rossandpines.com

- 16 -